[No. 5352.]

# S. W. RALSTON v. THE BOARD OF SUPERVISORS
## OF THE COUNTY OF SACRAMENTO.

SWAMP LAND DISTRICT.—A petition for the division of a swamp land district formed prior to March 28, 1868, and for the formation of a new district out of a part of the old district, must state that the petitioners are the owners of all the land within the proposed new district, and that they are the holders of certificates of purchase or patents for the lands claimed by them within the district, and the land to be included in the proposed new district must be described by legal subdivisions or other boundaries.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

On the 8th day of June, 1875, C. W. Clark and others presented a petition to the Board of Supervisors of the county of Sacramemto, representing that they were "the holders of certificates of purchase and other evidences of title representing more than one-half of that certain body of swamp and overflowed land situated in the county of Sacramento, bounded and described as follows." Then followed a general description of the boundaries of the district. The petition then stated "that all of said body of land has been sold. That the number of acres in each tract, together with the names of the owners thereof, are as follows, viz." Then followed a description of each tract of land, and, in this description, each tract of land was described by the number of its swamp-land survey—like this: "Tract composed of swamp surveys of Sacramento county, Numbers 11, 103, 119, 373, 436, 519, 643, 933, and part of 223, contains thirteen hundred and twenty acres, and is owned by C. W. Clark." The petition also stated that "the whole of said body of land is now embraced within and forms a part of Reclamation District Number Two (2), which District Number 2 was organized and formed prior to March twenty-eighth, eighteen hundred and sixty-eight." The board, on the 17th of August, 1875, approved of the petition. The plaintiff obtained from the District Court a writ for the review of the order of the board, and the order was set aside on the return, because the petition did not state jurisdictional facts.

The Board of Supervisors appealed.

Section 3481 reads: "If the holders of certificates of purchase or patents for lands within any district formed prior to March twenty-eighth, eighteen hundred and sixty-eight, and in which the lands have not been reclaimed, desire to have their lands set off from such district, they must, in addition to the petition required in section 3446, show to the Board of Supervisors that their lands are capable of an independent reclamation."

Section 3446 is as follows (Amendments 1874, page 45): "Whenever the holders of title or evidence of title representing one-half or more of any body of swamp and overflowed, salt marsh, or tide lands, susceptible of one mode of reclamation desire to reclaim the same, they may present to the Board of Supervisors of the county in which the lands, or the greater part thereof, are situated, at a regular meeting of the board, a petition setting forth that they propose to form a district for the reclamation of the same, a description of the lands by legal subdivisions or other boundaries, the county in which they are situated, the number of acres in the proposed district, and in each tract, with the names (if known) of the owners thereof, and designating as unsold any lands not reduced to private ownership."

. *George Cadwalader and Grove L. Johnson*, for the Appellant, argued that the question of the sufficiency of the petition must be tested by section 3446 of the Political Code, and that it complied with the requirements of said section.

*A. C. Freeman and Armstrong & Hinkson*, for the Respondent.

By the COURT:

The petition to the Board of Supervisors for the division of Swamp Land District No. 2, and for the formation of a new district, did not state the necessary jurisdictional facts. Section 3481 of the Political Code provides that "if the holders of certificates of purchase or patents for lands within any district formed prior to March 28, 1868, and in which the lands have not been reclaimed, desire to have

their lands set off from such district, they must, in addition to the petition required in section 3446, show to the Board of Supervisors that their lands are capable of an independent reclamation." The petition in this case to the Board of Supervisors was defective in two material particulars required by the foregoing section, in that it fails to show that the petitioners were the owners of all the land within the proposed new district, or that they were the holders of certificates of purchase or patents for the lands claimed by them within the district. It was for the Legislature to prescribe the terms and conditions on which a district might be divided, and it has authorized it to be done only on the petition of those holding certificates of purchase or patents, and then only on condition that "their" lands are capable of an independent reclamation. But the petition was insufficient if tested by section 3446 of the same Code. That section requires the land to be included in the proposed district to be described in the petition "by legal subdivisions or other boundaries." In this petition the lands were not so described. There was no attempt to describe them by legal subdivisions, nor are the lands described in any manner except by reference to certain swamp land surveys by their numbers, no copies of which were annexed to or made a part of the petition. This was not a compliance with the statute.

Judgment affirmed.